Frank **STOFFELS, et al.,** on behalf of the SBC TELEPHONE CONCESSION PLAN and all other persons similarly situated, Plaintiffs,

v.

**SBC COMMUNICATIONS, INC., and the SBC Telephone Concession Plan, Defendants.**

**Civil Action No. SA–05–CV–0233–WWJ.**

United States District Court, W.D. Texas, San Antonio Division.

Dec. 1, 2008.

Marc I. Machiz, Cohen Milstein Hausfeld & Toll, PLLC, Philadelphia, PA, Matthew B. Kaplan, Michelle C. Yau, Robert Joseph Barton, Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, DC, Max Renea Hicks, Law Office of Max Renea Hicks, Austin, TX, for Plaintiffs.

John L. Carter, Logan E. Johnson, Miriam M. Burke, Stacey Neumann Vu, Vinson & Elkins, Houston, TX, Patrick W. Shea, Paul Hastings Janofsky & Walker LLP, New York, NY, Geoffrey Amsel, AT & T Legal Department, Javier Aguilar, SBC Services, Inc., San Antonio, TX, for Defendants.

## ORDER

WILLIAM WAYNE JUSTICE, Senior District Judge.

Before the Court for consideration is Plaintiffs' Submission of Class Notice Plan (Docket No. 321) and Defendant's Submission of Proposed Class Notice Dissemination Plan and Form of Class Notice (Docket No. 322) in the above styled and numbered civil

action. Upon careful consideration of these submissions, Plaintiffs' Response to Defendant's Class Notice Submission (Docket No. 324), Defendant's Objections to Plaintiffs' Submission of Class Notice Plan (Docket No. 326), Plaintiffs' Reply to Defendant's Objections to Plaintiffs' Class Notice Plan (Docket No. 330), Defendant's Reply in Support of its Proposed Class Notice Dissemination Plan (Docket No. 334), and all pertinent parts of the record, the Court finds that: (1) Plaintiffs' Proposed Class Notice Plan is GRANTED in part and DENIED in part, and (2) Defendant's Submission of Proposed Class Notice Dissemination Plan and Form of Class Notice is DENIED.

## I. BACKGROUND

On October 3, 2006, the Court granted Plaintiffs' motion for class certification, certifying two separate but overlapping classes. *Stoffels v. SBC Comm'ns, Inc.*, 238 F.R.D. 446, 449 n. 15, 459–60 (W.D.Tex.2006). Class I relates to "Plaintiffs' claims against Defendant on behalf of the averred 'Plan,'" *id.* at 450, and was defined to include the following persons:

1. Retirees of an SBC Company, receiving a Telephone Concession after they retired, anytime from January 1, 2002, to the present and who lived outside the SBC Service Area; and

2. Current or former employees of any SBC Participating Company with more than five years of service with an SBC Participating Company as of June 1, 2005, who were eligible or might become eligible to receive an Out-of Service Telephone Concession after they retired; or

3. Members of the immediate family of any person in Group 1 or Group 2, including surviving spouses and the retires dependents (and including Registered Domestic Partners of Pacific Telesis employees and retirees) during the time that SBC had a policy to provide employees of such SBC Participating Companies with a Telephone Concession After retirement[.]

*Id.* at 459–60. The Court certified Class I under Federal Rule of Civil Procedure 23(b)(1) and (b)(2), *Id.* at 456. The Court certified Plaintiffs' Class II claims against

the Plan under ERISA § 502(a)(1)(B) pursuant to Rule 23(b)(3). *Id.* Class II was defined to include the following persons:

All participants and beneficiaries of the Telephone Concession Plan at [ ] any time from January 31, 2003, to October 1, 2005, for the Benefits Claims Pursuant to ERISA § 502(A)(1)(B) against the Plan[.]

*Id.* at 460.

Pursuant to Rule 23, the Court ordered the Parties to submit to the Court "a proposed order to direct to the members of the Class II, benefits class, that is 'the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort,' pursuant to Fed.R.Civ.P. 23(c)." *Id.* In response to a joint motion, the Court delayed notice, ordering that "[n]otice shall be given to the members of Class II after resolution of the question of 'whether the Telephone Concession' is an ERISA plan,'" and that the "proposed forms of notice need not be submitted to the Court for approval until after 15 calendar days after resolution of the Class I claims." (Order on Class Notice 1.) Subsequently, on April 3, 2007, the Court granted Plaintiffs' Motion to Bifurcate the trial, ordering:

The first phase of the trial in this case will address whether the "Telephone Concession" is an ERISA plan. Should the Court hold that it is, the action will proceed to the second phase of the trial, addressing what relief, if any, is available under the Plan.

(Order to Bifurcate Trial 2.) The Court then issued a Scheduling Order on May 1, 2007, for Phase I of the trial, stating: "Following the conclusion of the trial, the Parties shall submit a Proposed Schedule relating to notice to the Class . . . ."

On May 21, 2008, the Court issued a decision determining that the Telephone Concession was an ERISA pension plan. *Stoffels v. SBC Comm'ns, Inc.*, 555 F.Supp.2d 745, 758–767 (W.D.Tex.2008). Plaintiffs and Defendant now submit their respective proposed notice plans for members of Class IT, disagreeing as to the timing, recipients, dissemination, and form of the class notice.

## II. ANALYSIS

### A. TIMING OF TRANSMISSION OF NOTICE

■ Plaintiffs and Defendant disagree on when this Court previously ordered notice to be submitted to members of Class II. Plaintiffs assert that the Court ordered notice to be given after Phase I of the trial, which concluded with this Court's May 21, 2008, Memorandum Opinion, whereas Defendant asserts that the Court ordered notice to be given after the resolution of the Class I. claims, which has yet to occur. Admittedly, conflicting language in the Court's January 5, 2007, Order on Class Notice is partially to blame for this disagreement. In its Order, the Court first stated that, "[n]otice shall be given to the members of Class IT after resolution of the question of 'whether the Telephone Concession is an ERISA plan,'" and such question was resolved on May 21, 2008. Directly thereafter, the Court's Order states that the "proposed forms of notice need not be submitted to the Court for approval until after 15 calendar days after resolution of the Class I claims," which has yet to occur, as the Court has not yet. resolved the issue of what declaratory and injunctive relief, if any, Class I is entitled to.

Although the Court admittedly used conflicting language, the Court now clarifies that it ordered notice to be given to members of Class II after the completion of Phase 1 of the trial. Throughout this litigation, it appears that both the Court and the Parties treated the determination of the Phase I issue of whether Telephone Concession is an ERISA Plan and the resolution of the Class I claims as virtually synonymous. *See Stoffels,* 238 F.R.D. at 458 ("Accordingly, the Class T claims will be litigated and decided before the Class II (benefit) claims are even considered (i.e., the Court will have made a finding regarding whether the 'Telephone Concession' is a single ERISA plan, maintained by Defendant)."); Joint Sub. Proposed Order Concerning Notice ¶ 6 (Docket No. 89) ("[The Parties] agree that a notice should be formulated only after the resolution of the claims of Class J, Therefore, the Parties jointly request that proposed forms of notice be submitted for approval by the Court after the resolution of the issue of 'whether the 'Telephone Concession' is an ERISA plan' in the Class I claims. . . ."). Furthermore, subsequent to the Court's order on class notice and order bifurcating the trial, the Court issued a Scheduling Order for Phase I (Docket No. 112), ordering that "a Proposed Schedule relating to notice to the Class" be submitted by the parties "[f]ollowing the conclusion of the trial [Phase I]." Thus, the Court finds that Plaintiffs were correct in submitting its "Class Notice Plan" and that notice to Class II members is now timely and appropriate.[1]

The Court has already bifurcated this case, and delaying class notice until full resolution of the Class I claims would effectively trifurcate the case. Given that "[o]rdinarily, notice to class members should be given promptly after the certification order is issued," Manual for Complex Litigation § 21.311 (4th ed.2004), there is simply no reason to further delay class notice.

### B. RECIPIENTS OF NOTICE

■ The Parties also disagree as to whom class notice should be sent. Plaintiffs assert that, because their ERISA § 502(a)(1)(B) Benefit Claims seek both an order requiring the reformed Plan to pay past benefits and

---

1. Defendants assert a number of other arguments as to why class notice is premature, none of which are persuasive. First, Defendant contends that "the parties cannot include in the notice a description of the claims that Class II members might assert ... without first having the benefit of whatever declaratory and injunctive relief the Court grants to Class I." (Def.'s Sub. Proposed Class Notice Dissemination Plan and Form of Class Notice 4.) Plaintiffs' proposed forms of notice, however, adequately describe the claims that will be pursued on behalf of Class II. Second. Defendant argues that "[t]he members of the Class II damages class cannot be identified until the Court issues declaratory or injunctive relief setting forth the specific obligations of the reformed Plan (if any) and rules for determining the participants and beneficiaries of the reformed Plan." (Def.'s Obj.'s to Pls.' Sub. of Class Notice Plan 2.) However, in its May 21, 2008, Memorandum Opinion, the Court found not only that it was possible to ascertain the class of beneficiaries, but that the beneficiaries *were* ascertained. *Stoffels,* 555 F.Supp.2d at 759.

an order declaring the right of all persons who may be eligible to receive future benefits, class notice ought to be directed to "not just retirees receiving OOR Concession between 2003 and 2005 but also current and former employees between 2003 and 2005 who would have been eligible to receive OOR concession after they retired (but for its elimination)." (Pls.' Sub. Class Notice Plan 9). Defendant, on the other hand, contends that notice should be limited to those persons who, between 2003 and 2005, were the "retirees of a company then owned by SBC Communications Inc. ... and eligible to receive [OOR Concession]." (Def.'s Sub. Proposed Class Notice Dissemination Plan and Form of Class Notice 5–6.) Defendant alleges that current and former employees between 2003 and 2005 seeking a declaration of their right to receive future benefits under the Plan are nut members of Class II. (*See id.* 6.) Defendant's contentions are unconvincing.

Class II consists of "[a]ll participants and beneficiaries of the Telephone Concession Plan at [ ] any time from January 31,2003, to October 1,2005, for the Benefits Claims Pursuant to ERISA § 502(A)(1)(B) against the Plan." *Stoffels*, 238 F.R.D. at 460. ERISA § 3(7) defines a "participant" as "any employee or former employee ... who is *or may become eligible* to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7) (emphasis added). Similarly, ERISA § 3(8) defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is *or may become* entitled to a benefit thereunder." 29 U.S.C. § 1002(8) (emphasis added). Furthermore, ERISA § 502(a)(1)(B) permits a plaintiff to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, *or* to clarify his rights to *future benefits* under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) (emphasis added). Accordingly. Plaintiffs' § 502(a)(1)(B) Benefits Claims seek both an order requiring the reformed Plan to pay past benefits and an order declaring the right of all persons who may be eligible to receive future benefits. (Corrected Sec. Am. Comply ¶ 154 & Prayer for Relief ¶¶ 9–10.)

Plaintiffs are thus correct that class notice ought to be directed not only to retirees receiving OOR Concession between January 31,2003. and October 1,2005, but also to current and former employees between those dates who would have been eligible to receive OOR Concession after they retired.

## C. DISSEMINATION OF NOTICE

█ Federal Rule of Civil Procedure 23(c)(2)(B) states that, for a class certified under Rule 23(b)(3). the court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Plaintiffs propose a comprehensive method for dissemination of notice, which includes: providing individual notice by mail or e-mail, supplemented by publication on (1) intranet and internet websites maintained by Defendant, which are accessible to employees and retirees and provide general information related to Telephone Concession, (2) dedicated internet websites maintained by Plaintiffs' Counsel and a court-approved Notice Administrator, (3) on Defendant's external website, and (4) newsletters of the various retiree member organizations of AT & T retirees. Defendant objects to Plaintiffs' proposed plan for dissemination of notice, contending that providing notice via e-mail to retirees is impracticable, providing e-mail or mailing addresses for the group of employees to which Plaintiffs propose to send notice is impracticable, and that providing notice via websites AT & T maintains would impose an undue burden on AT & T.

### 1. Individual Notice to Retirees

The Parties' briefings indicate that Plaintiffs have already received the mailing addresses for those retirees who previously received reimbursements or 600 free minutes of long distance during the class period. Thus, the retiree members of Class II can receive individual notice via U.S. mail. Of these retirees, Plaintiffs note that those retirees who receive 600 minutes of free long distance in lieu of the cash payments of Concession receive regular mailings from Defendant. Therefore, Defendant shall include

notice to These retiree class members in such mailings and bear the costs of such.[2] The remaining retiree class members must receive a separately mailed notice sent by Plaintiffs.

Given that the U.S. mail will suffice to provide individual notice to the retiree class members, and given that Defendant asserts that it only has in its possession thirteen percent of retiree e-mail addresses, which are not kept in a form allowing Defendant to easily determine if the retiree is a Class II member, the Court shall not order e-mail notice to retiree class members.

### 2. Individual Notice to Current Employees

Defendant avers that providing e-mail or mailing addresses for the group of current employees to which Plaintiffs propose to send class notice is impracticable. Defendant asserts that, although it is in possession of all its current employees' addresses, they are not organized by date of employment or years of service, and determination of which employees had the requisite years of service would require thousands of hours of employee and attorney time. Although the Court finds it somewhat incredible that a modern telecommunications company does not have ready access to basic employee data, such as date of employment and years of service, Plaintiffs offer no substantial evidence contradicting the affidavit of AT & T's Executive Director of Communications, which establishes such inability. Plaintiffs do, however, suggest that the task of identifying potential class member employees can be made substantially easier by excluding employees who cannot possibly be eligible for an OOR Concession.[3] Once AT & T narrows the list of employees accordingly, Plaintiffs suggest that AT & T can simply provide the list of employee e-mail and mailing addresses to Plaintiffs with as much identifying information as available (which at a minimum should include their names and subsidiaries). In its reply, Defendant does not appear to object to this method. Such method appearing reasonable to the Court, Defendant shall comply accordingly.

### 3. Publishing Notice Via the Internet

Defendant complains that posting a link to the Notice on its intranet and internet websites would impose an undue burden because non-class members will see the notice, which will generate confusion and administrative burden for Defendant from the countless inquiries of employees and retirees not involved in the dispute.

Publication may be used "as a supplement to other notice efforts." Manual for Complex Litigation § 21.311. "Posting notices on dedicated Internet sites, likely to be visited by class members and linked to more detailed certification information, is a useful supplement to individual notice, might be provided at a relatively low cost and will become increasingly useful as the percentage of the population that regularly relies on the Internet for information increases." *Id.* Accordingly, "[m]any courts include the Internet as a component of class certification and class settlement notice programs." *Id.* In this case, Plaintiffs desire to provide additional notice to class members in the places that employees and retirees are most, likely to seek information about their Telephone Concession Benefits—those portions of Defendant's intranet and internet websites that

---

**2.** The Supreme Court approvingly noted in *Oppenheimer Fund, Inc. v. Sanders* that "a number of courts have required defendants in Rule 23(b)(3) class actions to enclose class notices in their own periodic mailings to class members in order to reduce the expense of sending the notice." 437 U.S., 340, 355 n. 22, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978), Furthermore, Defendant does not articulate any reason precluding providing notice in such mailings and do not assert that the expense of such mailings would be substantial. Thus, Defendant shall bear the cost of such mailings. *See id.* at 359 n. 28, 98 S.Ct. 2380 ("[W]here defendants have been directed to en-

close class notices in their own periodic mailings and the additional expense has not been substantial representative plaintiffs have not been required to reimburse the defendants for envelopes or postage.").

**3.** According to Plaintiffs, Defendant can easily exclude the following ineligible employees:

Southwest: All employees hired after April 1, 1996, are ineligible
East: All active employees are ineligible
Midwest: All employees hired after March 1, 1991, are ineligible

provide information about Telephone Concession. Publication of notice through such websites appears appropriate and effective. Although Defendant complains that, many non-class member retirees and employees may view the notice and become confused, this is the case with all forms of publication notice. Furthermore, Plaintiffs' proposed notice directs persons with inquiries about the case to contact Class Counsel or the Notice Administrator, not AT & T. Thus, notwithstanding Defendant's objection, Defendant shall be required to publish notice on the appropriate sections of its intranet and internet websites.

### 4. Notice to Former Employees

Plaintiffs' Proposed Class Notice Plan, however, does not appear to provide "the best notice that is practicable under the circumstances" to former employees between 2003 and 2005 who would have been eligible to receive OOR concession after they retired. Fed.R.Civ.P. 23(c)(2)(B). Paragraph 5 of the affidavit of AT & T's Executive Director of Communications states that "AT & T and its subsidiaries do not maintain mailing addresses or e-mail addresses for former employees." Plaintiffs do not appear to contest this assertion or offer any method of providing individual notice to these former employee class members. Furthermore, Plaintiffs' proposal to provide notice via the Internet does not appear likely to provide notice to former employees, as former employees who never received Telephone Concession benefits are unlikely to visit AT & T's internet websites or the websites of the Notice Administrator or Plaintiffs' Lead Class Council. Therefore, in order to provide the best notice practicable under the circumstances to the nation-wide former employee members of Class II, the Court shall order Plaintiffs to publish Plaintiffs' Form of Summary Notice in three telecommunications trade publications of general circulation in no smaller than a one-fourth page advertisement publishing such notice at least twice in each such publication.

### D. FORM OF NOTICE

Defendant asserts two objections to the content of Plaintiffs' Proposed Form of Notice. First, Defendant complains that Plaintiffs' notice states that the Telephone Concession Plan is a party to the lawsuit, and no defendant other than AT & T has been served or has appeared in the lawsuit. This Court, however, rejected this argument in its October 1, 2008. Order granting Plaintiffs' Motion to Determine Timeliness of Service and/or Extend the Time for Service *Nunc Pro Tunc* on the SBC Telephone Concession Plan. Thus, Defendant's objection in this regard is meritless.

Second, Defendant complains that Plaintiffs' notice does not describe the Concessions provided to other employees and retirees. However, as Plaintiffs note, Defendant fails to explain why the notice should describe these Concession programs, which are not at issue in this litigation and which the Court has previously determined were separate programs.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court finds that Plaintiffs' Proposed Class Notice Plan should be, and hereby is, GRANTED in part and DENIED in part, and that Defendant's Submission of Proposed Class Notice Dissemination Plan and Form of Class Notice should be, and hereby is, DENIED. The Court hereby ORDERS as follows:

*Form of Notice to the Class*

1. Plaintiffs' Form of Notice to Class II to be mailed or e-mailed to individual class members is approved.

2. Plaintiffs' Form of Summary Notice to Class II for publication is approved.[4]

*Methods of Notice*

*Individual Notice to Retirees*

3. The Parties shall cause Notice to be sent to the retiree members of Class II as follows:

---

4. The Court approves of Plaintiffs' recommendation of forty-five (45) days for Class II members to exercise their right to opt-out. Defendant does not object to such a time period, and courts have "routinely approved of deadlines between thirty and sixty days." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F.Supp. 450, 562 (D.N.J.1997) (collecting cases).

A. To the extent that Defendant (or one of its agents or third-party administrators, such as a pension plan administrator) sends regular mailings to retiree members of Class II. Defendant shall enclose a copy of the Notice to those class members in its next regular mailing.

B. To the extent Plaintiffs currently have in their possession the mailing addresses of the remaining retiree class members, the Notice Administrator shall send Notice via U.S. mail.

C. To the extent Defendant has mailing addresses for retiree class members not currently in possession of Plaintiffs, Defendant will provide Plaintiffs' counsel with the names, addresses, and social security numbers members (so that the Notice Administrator can update any address information) for those class members so that Notice can be mailed by the Notice Administrator.

D. To the extent that Plaintiffs' Counsel or the Notice Administrator receives e-mail address information from a potential class member, the Notice Administrator may send Notice via-email rather than U.S. mail.

*Individual Notice to Current Employees*

4. The Parties shall cause Notice to be sent to the employee members of Class II as follows;

A. Defendant shall narrow its list or current employee e-mail and mailing addresses by excluding the following ineligible employees:

i. Southwest: All employees hired after April 1, 1996

ii. East: All active employees

iii. Midwest: All employees hired after March 1, 1991

B. Defendant shall provide the resulting list of employee e-mail and mailing addresses to Plaintiffs with as much identifying information as is available (which at a minimum shall include their names and subsidiaries).

C. The Notice Administrator shall send Notice to identified class members via e-mail. For any class members to whom the Notice is not sent via e-mail or the e-mail is returned as undeliverable, the Notice Administrator shall send Notice via U.S. mail.

D. To the extent that Plaintiffs' Counsel or the Notice Administrator receives e-mail address information (or updated e-mail address information) from a potential class member, the Notice Administrator may send Notice via e-mail rather than U.S. mail.

*Publication*

5. The Parties will publish the Notice or Summary Notice as follows:

A. Defendant will publish a copy of the Notice on the portions of its intranet site and internet websites that provide information on Telephone Concession to which class members have access which a link to the Notice entitled "Notice Regarding Out–of–Region Retiree Telephone Concession Class Action Litigation."

B. Defendant will publish a copy of the Notice on the benefits section of its corporate website at http://www.att.com/gen/careers?pid=5 with a link to the Notice entitled: "Notice Regarding Out–of–Region Retiree Telephone Concession Class Action Litigation,"

C. The Notice Administrator will have a copy of the Notice published on a dedicated website.

D. Plaintiffs' Lead Class Counsel will have a copy of the Notice published on the portion of its website dedicated to this Litigation.

E. Plaintiffs shall publish a copy of the Summary Notice in three telecommunications trade publications of general circulation in no smaller than a one-fourth page advertisement, publishing such notice at least twice in each such publication.

F. Plaintiffs' Lead Class Counsel will contact the respective member organizations of the AT & T Retiree Coalition to make arrangements to the extent possible to have those organizations publish a copy of the Notice on their respective websites and a copy of the Summary Notice in their next newsletter.

*Verification of Notice*

6. Plaintiffs' Counsel, Defendant, and the Claims Administrator will each submit Affidavits of Notice to the Court averring that

the Notice has been published and mailed (or e-mailed) as required by this Order within sixty (60) days from the date of service hereof.[5]

---

5. Defendant complains that thirty days is an insufficient time period for transmission of notice because of the administrative burden and complexity involved in identifying and mailing notice to Class II members. Plaintiffs request a thirty-day period for transmission of notice. Because the holiday season is upon us, and because the Court ordered Plaintiffs to publish Summary Notice at least twice in several trade publications, which may only publish on a monthly basis, the Court finds that a time period of sixty days is necessary for transmission of Notice.